UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                                               Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
         Defendants

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION FOR DISCOVERY
IN CONFORMITY WITH DISCOVERY REQUEST LETTER**

The Defendant has moved for an Order compelling the Government to comply with Defendant's Discovery request letter and provide said discovery as requested therein. The basis for said motion is that pursuant to the Government's proffer of its automatic discovery obligations under Local Rule 116 and its response to Defendant's Discovery Letter, the Government has merely provided Defendant's counsel with access to a room full of boxes containing thousands of documents with specification or identification. In other words, the Government has simply buried the Defendant in a mountain of paper, with no identification or distinguishment as to the relevance or import of the documents.

Due to the nature of this case (A 64 page Indictment containing no less than Fifty (50) Counts, and thousands of pages of documents in the possession, custody and control of the Government), and in order for the Defendant to have an adequate opportunity to prepare his defense, the Defendant has made specific requests for discovery as to each Count and allegation

set forth in the Second Superseding Indictment.

More specifically, the Defendant requested in his Discovery Letter that the Government specifically identify for each Request in the Letter:

  a)  which documents the Government intends to offer at trial;

  b)  which documents on which a Government witness will rely or to which said witness will refer; and

  c)  which documents are material to Defendant's preparation of his defense.[1]

The Defendant specifically stated in his Letter Request, that the Requests were being made not only pursuant to Local Rule 116, but also pursuant to both Rules 12(b)(4) and the authorities set forth in the cases of United States v. de la Cruz-Paulino, 61 F.3d 986 (1st Cir. 1995); United States v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987); United States v. Anderson, 416 F.Supp.2d 110 (D.D.C. 2006); United States v. Falkowitz, 214 F. Supp. 2d 365 (S.D. N.Y. 2002); United States v. Upton, 856 F. Supp. 727 (E.D.N.Y. 1994); United States v Laughlin, 768 F. Supp 957 (N.D.N.Y. 1991); United States v. Poindexter, 727 F. Supp. 1470 (D.D.C. 1989); United States v. Turkish, 458 F. Supp. 874 (S.D.N.Y 1978); United States v. Countryside Farms, Inc., 428 F.Supp. 1150, 1154 (D.Utah 1977).

These cases hold that the Government is required to identify which documents it intends to offer at trial, which documents will be relied upon by Government witnesses, and which documents are material to the Defendant's preparation of his defense. Id. An "open file" policy

---

[1] In addition, as to each item of documentary or tangible evidence obtained by the Government as requested, the Defendant requested that the Government provide a statement as to how such evidence was obtained and, if the evidence was obtained by seizure or by subpoena, a description of the date on and exact location at which the property was seized and party from whom it was subpoenaed, and all documents relating thereto.

is not enough.  Id.  This is particularly so when, as in this case, the Government has buried the Defendant in a mountain of paper.  Id.

For example, in United States v. Bortnovsky, 820 F.2d 572 (2d Cir.1987), the government contended that it had fulfilled its obligations to the defendants by allegedly being specific in the indictment and providing over 4,000 documents.  Id.  The twelve count indictment included a violation of the mail fraud statute and conspiracy to defraud the United States by virtue of a scheme whereby the defendants submitted false claims for burglary to the Federal Insurance Administration and the New York Property Insurance Underwriting Association.  Id.  The indictment provided a list of the suspect pieces of mail along with their approximate dates of mailing and addressees but did not enumerate which of numerous documents were falsified or the dates of the allegedly staged burglaries.  Id.  The Court of Appeals reversed the convictions because it concluded that the defendants "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information: ...the identity of the three fraudulent documents."  Id. at 574.

The reasoning in Bortnovsky compels the same conclusion in the present case.  As the Court specifically held:

> The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.

Id. at 574.

In the present case the Government has in its possession thousands of pieces of paper, and of those thousands of documents the Superseding Indictment puts the Defendants on notice of only a handful of items which the Government contends is fraudulent (but which are not even specifically identified and produced).  If these are the only documents the Government intends to

rely upon at trial, the Defendants should be so advised. If there are additional documents which the Government intends to rely upon, or which the Government's witnesses intend to rely upon, or which are material to the Defendant's preparation of his defense, then the Defendant's need for identification is even greater in order for Defendant to have an adequate opportunity to prepare his defense.

      As the Court held in United States v. Upton, supra.:

> The purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this – where there are thousands of documents – is to allow the defendant to adequately prepare his or her defense. General familiarity with the nature of the documents, as in this case, will not allow defendants to do that if they are not informed which documents include the allegedly falsified information and which documents the government witnesses will refer to or rely upon.

Id.

      In the present case, the Defendant's Letter Request was served not only pursuant to Local Rule 116 but, more importantly, was served pursuant to these fundamental needs and principals of specific identification in order to allow the Defendant an adequate opportunity to prepare his defense. The Government has not met these needs or principles through its automatic discovery proffer, nor in its Response to Defendant's Discovery Letter. On the contrary, the Government's proffer of discovery is inadequate and fails to meet the criteria set forth in Rules 12 & 16, as well as relevant caselaw. As a result thereof, the Defendant's ability to prepare his defense has been severely prejudiced, and an Order compelling the Government to produce discovery as requested in said Letter must be entered.

## CONCLUSION

      For reason that the Government has provided the Defendant with "a needle in a haystack" discovery response to Defendant's Discovery Letter, the Defendant's ability to prepare his

defense has been severely frustrated. Federal jurisprudence provides that in cases such as the present one, where the Government has merely provided Defendant's counsel with access to a room full of boxes containing thousands of documents with specification or identification, with an complex indictment charging multiple and disparate offenses, an "open file" policy is not enough.

By all of the above, the Defendant's Motion for Discovery in Conformity with Discovery Request Letter must be allowed.

> THE DEFENDANT,
> FRANK KEOUGH
>
>
> By: /s/ Daniel D. Kelly
>     Daniel D. Kelly, Esq.
>     101 State Street
>     Suite 715
>     Springfield, MA 01103
>     Tel.: (413) 733-0770
>     Fax:  (413) 733-1245

## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

> /s/ Daniel D. Kelly
> Daniel D. Kelly, Esq.
> 101 State Street
> Suite 715
> Springfield, MA 01103
> Tel.: (413) 733-0770
> Fax:  (413) 733-1245